UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                   :
BASEBALL QUICK, LLC,                   :
                                                 :
           Plaintiff,          :        Civil Action No. 11-CV-01735
                                                 :        (TPG)(MHD)
v.                                              :        ECF CASE
                                                 :
MLB ADVANCED MEDIA, L.P., ET AL.,   :
                                                 :
           Defendants.        :
-------------------------------------------------------------X

## PLAINTIFF BASEBALL QUICK, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RELIEF PURSUANT TO RULE 56(D)

Plaintiff Baseball Quick, LLC ("Plaintiff" or "Baseball Quick" or "BQ") provides this memorandum in support of its motion for relief pursuant to Rule 56(d)[1].

### I.   INTRODUCTION

On June 22, 2011, Defendant Advanced Media, L.P. ("Defendant" or "MLBAM") moved for summary judgment (Dkt. 43).  The motion relies upon numerous factual underpinnings that have not been tested through discovery.  It was filed despite MLBAM's refusal to participate in the discovery process. In fact, MLBAM has yet to provide written responses or objections to BQ's document requests and interrogatories, although such responses were due on July 6, 2011, and MLBAM has not served initial disclosures.  Having provided no discovery whatsoever, MLBAM improperly seeks a judicial determination of noninfringement of the patent-in-suit.

### II.   FACTUAL BACKGROUND

This case was transferred here from the Southern District of California earlier this year. (Dkt. 43).  As explained in the Declaration of Matthew D. Murphey ("Murphey Decl."), being

---

[1] Rule 56(f) was redesignated Rule 56(d) in 2010.  Any references in this memorandum to Rule 56(f) as applied by pre-2010 caselaw shall be understood to refer to the current Rule 56(d).

1

filed concurrently herewith, after the transfer, this Court held an informal conference on May 13th, at BQ's request. At the conference, BQ requested that discovery commence and that the Court set a claim construction briefing schedule; MLBAM requested that the Court schedule briefing on an early summary judgment on the issue of infringement of the patent-in-suit. The Court stated that MLBAM could proceed with its motion and ordered that the parties agree upon a briefing schedule. The Court never suspended the operation of Rule 26 nor ordered that discovery could not proceed pursuant to the Federal Rules of Civil Procedure and this Court's local rules. (Murphey Decl. ¶ 2).

A few weeks after the Court's conference, pursuant to and in compliance with its Rule 26(f) obligations, MLBAM's lead counsel Cynthia Franecki participated in the preparation of a joint Rule 26(f) planning conference report, which was filed with the Court. (Report of Parties' Planning Meeting and Proposed Discovery Plan (June 16, 2011, Dkt. 51) ("Rule 26(f) Report")) (Murphey Decl. ¶ 3).

As more fully explained in the Murphey declaration, in the Rule 26(f) Report, BQ proposes a full case schedule, yet MLBAM refused to respond substantively, taking the position that this Court suspended all discovery pending its summary judgment motion. BQ disagrees and believes that discovery is open as in the usual course. (Murphey Decl. ¶ 4).

MLBAM has rebuffed all attempts by BQ to obtain discovery in this matter, having failed to respond to BQ's written discovery (document requests and interrogatories) and having not served its initial disclosures (Murphey Decl. ¶ 5, 6 and Exs. A, B, C).

MLBAM's summary judgment motion relies upon numerous facts and declaration testimony that have been untested through the discovery process. Yet, as set forth in BQ's summary judgment opposition, at least two of the major "undisputed facts" upon which

MLBAM's motion relies are demonstrably incorrect: i.e. (1) that no Condensed Games after the issuance of the patent show the final pitch to each batter; and (2) the failure to mention the availability of Condensed Games through paid mobile device applications (such as "At Bat 11"). These untruths demonstrate quite clearly the rationale behind MLBAM's resistance to providing discovery and rush to summary judgment. Without discovery there is no way of knowing what other statements may be incorrect. As such, discovery is necessary so that the Court may evaluate BQ's claim of patent infringement in light of a full and accurate disclosure of all information relevant to Condensed Games. (Murphey Decl. ¶ 11-12).

BQ seeks discovery into numerous "undisputed" statements of facts upon which MLBAM relies. Generally, the issues raised relate to (a) the content of and editing process used to create Condensed Games, including any revisions since first introduced; (b) identification of all platforms through which Condensed Games are made available; and (c) identification of the payment required to access Condensed Games on each platform, including any changes since it was first introduced.

The MLBAM "undisputed facts" into which BQ seeks discovery are set forth in greater detail in the Murphey Declaration, ¶ 13-15. BQ also seeks discovery into statements set forth in the Declaration of Dinn Mann. (Murphey Decl. ¶ 16). The requested discovery includes document production and interrogatory responses, to be followed by deposition testimony. *See* Murphey Decl. ¶ 18-21.

During a meet and confer on July 15th, MLBAM stated that it does not intend to respond to BQ's written discovery, based on its position that discovery has been stayed. (Murphey Decl. ¶ 8). BQ has separately sought an order compelling responses, by way of a letter delivered to the Court on July 21, 2011. MLBAM offered to consider providing specific discovery needed by

3

BQ to respond to MLBAM's discovery motion. BQ provided specific requests in writing – the same requests being made here through this motion and declaration – and also requested that MLBAM agree to stay BQ's deadline for its summary judgment opposition pending such discovery. (Murphey Decl. Ex. D). MLBAM did not respond until 5:16 PM on the day BQ's SJ opposition was due, claiming to not understand the requested discovery and requesting to schedule a phone call. (Murphey Decl. ¶ 9). There was no time for further discussion before the filing of this brief and BQ's summary judgment opposition.[2]

### III. MLBAM'S PREMATURE SUMMARY JUDGMENT MOTION SHOULD BE DENIED, AND BASEBALL QUICK PERMITTED TO CONDUCT NECESSARY DISCOVERY

#### A. Second Circuit Courts Disfavor the Grant of Summary Judgment in the Absence of Discovery and Have Consistently Granted Requests for Rule 56(d) Discovery Properly Supported by a Rule 56(d) Affidavit

The Second Circuit has held that summary judgment is only appropriate where "*after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which it has the burden of proof" *Hellstron v. United States Dep't of Veterans* Affairs, 201 F.3d 94, 97 (2d Cir. 2000). Further:

> Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.

*Id.*. In *Hellstron*, the court reversed summary judgment where the plaintiff had no opportunity to conduct discovery, including the chance to take any depositions, because plaintiff had no chance to adduce evidence to support his claim. *Id.* at 97-98.

Rule 56(d) provides that "summary judgment be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). The rule prevents a respondent from being

---

[2] BQ will, of course, inform the Court if the parties are able to reach agreement on the relief requested through this motion.

"railroaded" by a premature motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

The rule states:

> (d) When facts are unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Rule 56(d), Fed. R. Civ. P.

In a recent case, then Circuit Judge Sotomayor explained that a court should defer decision on a motion for summary judgment where a party advises the court that it needs discovery to be able to present facts to defend against the motion. *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 303 (2d Cir. 2003) (quoting *Commercial Cleaning Servs, L.L.C. v. Colin Serv. Systems, Inc.,* 271 F.3d 374, 386 (2d. Cir. 2001)).  Judge Sotomayor set forth the Second Circuit's requirements for a party seeking to resist summary judgment on the grounds of the need for discovery under Rule 56(d).  The party must submit an affidavit showing:

> (1) what facts are sought [to resist the motion] and how they are to be obtained;
> (2) how those facts are reasonably expected to create a genuine issue of material fact;
> (3) what effort affiant has made to obtain them; and
> (4) why the affiant was unsuccessful in those efforts

*Id.*.  In *Miller*, the plaintiff alleged violation of debt collection statutory requirements.  A key issue was the level of professional attorney involvement in the preparation of demand letters sent on attorney letterhead.  Summary judgment was premature where plaintiff had no opportunity to investigate the conclusory statements made in attorney affidavits regarding office practices, and no opportunity to depose the attorneys. *Miller*, 321 F.3d at 307.

Further, the Second Circuit vacated a grant of summary judgment where interrogatory responses and document productions were provided only three days prior to the deadline for opposing summary judgment, and there had been no time for depositions. *Meloff v. New York Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir. 1995).

Applying Rule 56(d), a court in this district denied a motion for summary judgment. *G-I Holdings, Inc. v. Baron & Budd*, 2002 U.S. Dist. Lexis 19006 (S.D.N.Y. Oct. 10, 2002) (Sweet, J.) (providing leave to renew upon the close of limited discovery). Defendants filed a summary judgment motion relying upon two affidavits, *id.* at *4-8. Defendants provided no discovery that had been previously noticed and refused to make the affiants available for deposition. *Id.* Applying the 2nd Circuit's four-part Rule 56(d) test set forth above, the Court denied summary judgment, ordering that depositions proceed and discovery be answered. (*Id.* at *11-16).

More recently, courts in this circuit have denied summary judgment motions where, as here, defendant filed its motion prior to providing discovery and were unwilling to engage in any discovery prior to decision on its summary judgment motion. *Salazar-Martinez v. Fowler Brothers, Inc.,* 2011 U.S. Dist. LEXIS 26381 (W.D.N.Y. Mar. 15, 2011). Similarly, a motion for summary judgment was denied without prejudice and additional time granted for discovery where defendants filed a summary judgment motion less than one month after their amended answer and there was insufficient time for plaintiff to obtain material information. *Carpenter v. Churchville Greene Homeowner's Association, Inc.,* 2011 U.S. Dist. Lexis 17042, *2 (W.D.N.Y. Feb. 22, 2011). Plaintiff had timely requested additional discovery pursuant to Rule 56(d) and argued that depositions would allow them to show the individual defendants should be held liable. *Carpenter*, 2011 U.S. Dist. Lexis 17042 at *11.

### B. Summary Judgment of Noninfringement is Inappropriate in a Patent Case Without the Opportunity for Discovery and a Proper Claim Construction Analysis

In the context of a patent case, as here, the Federal Circuit has stated:

> The grant of summary judgment of non-infringement, with respect to accused devices whose components or methods are not readily observable and are in dispute, requires sufficient discovery to assure that the issue has been fully and fairly resolved. Rule 56(f) serves the dual purpose of safeguarding against too hasty a grant of summary judgment, while requiring that parties who seek time for additional discovery have not been dilatory.

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 809 (Fed. Cir. 1999). In *Vivid Technologies*, the district court had stayed discovery, issued a claim construction, and granted summary judgment after denying plaintiff's Rule 56(f) discovery request. *Id.* at 807. The defendant supported its motion for summary judgment with an affidavit, and the plaintiff opposed with contravening affidavits. The Federal Circuit stated that the competing facts "were material to the issue of infringement, and could not be resolved adversely to [plaintiff]. The denial of discovery with respect thereto inhibited [plaintiff's] opposition to [defendant's summary judgment motion]." *Id.* at 809. Because plaintiff made a timely Rule 56(f) request directed to specific statements of material fact in the summary judgment motion and affidavit, it was entitled to discovery relevant to the material facts in dispute. *Id.* at 810. The Federal Circuit vacated the summary judgment grant and permitted discovery on remand. *Id.* at 810, 812.

MLBAM further invites this Court to commit reversible error by rushing to summary disposition without a detailed factual inquiry, by preventing the parties from engaging in discovery, and by depriving them of the opportunity for detailed claim construction briefing and a full *Markman* hearing. *See, e.g.*, *Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189, 194-95 (Fed. Cir. 2007) ("We have previously held that where a district court construes a patent without

7

following the necessary steps, we should remand the matter for further proceedings . . ."); *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1346 (Fed. Cir. 2002) (remand required by "district court's failure to construe the claims limitations at issue, and its inadequate factual findings on infringement").

In *Allen Engineering*, the Court never conducted a *Markman* hearing, nor construed the asserted claims of the patent-in-suit. *Allen Eng'g Corp.,* 299 F.3d at 1343. The Court construed none of the claim limitations appearing in an independent claim that it found was literally infringed. *Id.* at 1346. The Federal Circuit stated: "[o]n remand, the district court must construe the disputed limitations of all of the claims remaining in suit and must then compare each of those limitations, as construed, to the corresponding elements of [the accused products] to determine infringement." *Id.*

### C. MLBAM's Summary Judgment Motion Should Be Denied and BQ Granted Discovery

Here, as in the cases cited above (*G-1 Holdings Inc.*, *Salazar-Martinez*, *Carpenter*), Advanced Media seeks summary judgment yet has provided no discovery. Yet, it is the "rarest of cases" where summary judgment should be granted against a plaintiff prior to the opportunity for discovery. *Hellstron*, 201 F.3d at 97. As in *Vivid Technologies*, BQ's Rule 56(d) request is directed to the need for discovery regarding specific "undisputed" facts upon which Advanced Media's motion relies. BQ should not be "railroaded" by a premature motion for summary judgment. *Celotex*, 477 U.S. at 326.

BQ has shown that at least some of MLBAM's "undisputed facts" are entirely untrue. The known misrepresentations likely only scratch the surface, and establish the need for discovery in order to uncover the entire universe of correct and accurate information regarding MLBAM's Condensed Games and infringement activities.

BQ has set forth in detail the specific facts into which discovery is sought; has explained that those facts are directly relevant to purported "undisputed facts" set forth by Advanced Media; and has set forth the proposed means of discovery – document production, interrogatory responses, and deposition testimony.  *See* Murphey Decl., ¶ 18-21.  Further, BQ previously requested the discovery sought through document requests, interrogatories, and a written letter setting forth specific Rule 56(d) requests (sent at MLBAM's invitation) and has been unable to obtain the discovery.  *See* Murphey Decl., ¶ 5-10.  As such, BQ's request fully satisfies the requirements for Rule 56(d) discovery, and should be granted.  *Miller,* 321 F.3d at 303 (2d Cir. 2003).

## IV.     CONCLUSION

For at least the reasons set forth above, BQ respectfully requests that this Court deny Advanced Media's summary judgment motion as premature, and permit BQ to take the discovery needed to develop facts in opposition.  Alternatively, BQ requests that the Court defer consideration of the motion until such time as discovery has been completed.

Dated: July 22, 2011                                TROUTMAN SANDERS LLP

/s/ Timothy P. Heaton
Timothy P. Heaton
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0700
Telephone: 212.704.6417
Facsimile: 212.704.8383
E-mail: timothy.heaton@troutmansanders.com

Matthew D. Murphey (Pro Hac Vice)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone: 858.509.6000
Facsimile: 858.509.6040
E-mail: matt.murphey@troutmansanders.com

Douglas D. Salyers (Pro Hac Vice )
Paul E. McGowan (Pro Hac Vice )
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E. Suite 5200
Atlanta, GA  30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900
E-mail: doug.salyers@troutmansanders.com
E-mail: paul.mcgowan@troutmansanders.com