UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASEBALL QUICK, LLC,

                Plaintiffs,

      v.

MLB ADVANCED MEDIA, L.P., *et al.*,

                Defendants.

11 Civ. 1735

**OPINION**

    Baseball Quick brings this action for patent infringement against MLB Advanced Media. At issue is Baseball Quick's U.S. Patent No. 7,628,716 which teaches, generally speaking, a method for producing greatly shortened video recordings of baseball games — around 15 minutes in length — and distributing these recordings to subscribers.

    The case is currently in the claim construction stage. After Baseball Quick submitted its opening claim construction brief, however, MLB requested *inter partes* reexamination by the USPTO of the patent at issue. MLB now moves to stay the proceedings in this court pending the outcome of that reexamination.

    The motion is denied.

### Procedural History

    This suit was originally brought on August 23, 2010 in the Southern District of California. After four joint motions extending MLB's time to answer, MLB eventually

answered the complaint on January 3, 2011. On MLB's motion, the case was then transferred to this court on March 14, 2011. MLB then moved, on June 22, 2011, for summary judgment. On March 30, 2012, the court substantially denied that motion —and Baseball Quick's related motions for sanctions and for discovery — except as it related to activity that began before the '716 patent was issued. In fact, MLB ultimately conceded one of the primary grounds of its own motion in its reply brief. The claim construction process then began with a joint claim construction statement filed on October 19, 2012. Baseball Quick filed its opening claim construction brief on November 11, 2012 to which MLB filed its opposition on December 21, 2012. Meanwhile, on September 14, 2012, MLB had filed a request for *inter partes* reexamination of the '716 patent with the USPTO. It then filed a motion to stay this action pending the USPTO's reexamination, along with its opposition to Baseball Quick's claim.

## The Reexamination Proceedings

MLB's request for *inter partes* reexamination of the '716 patent raised ten grounds for the USPTO's rejection of the patent, arguing that its claims were anticipated by or obvious in view of certain combinations of various prior art patents and publications. On November 21, 2012, the USPTO granted MLB's request for *inter partes* review and issued an "Office Action" which rejected claims one through five of the '716 patent.

The parties, naturally, disagree over the strength of MLB's reexamination petition and what the Office action portends for the USPTO's ultimate reexamination decision. Both

sides find comfort in various statistics published by the Commissioner for Patents regarding *inter partes* reexamination filings.

The court takes the middle path and concludes that none of these statistics are of much use is resolving the present motion — the statistics provided by the Commissioner for Patents are simply too general to serve as a reliable indicator of the outcome of this particular reexamination given its own procedural and substantive characteristics.

But there is one statistic that the parties do appear to agree upon, and that is that the reexamination process may be expected to drag on for an extremely long time. The reexamination itself is likely to take three years, and appeals within the USPTO will take another three. Thus, if the court stays this litigation pending the ultimate conclusion of the USPTO's reexamination of the '716 patent, the case cannot be expected to resume until the year 2019 — and this does not include a highly probable appeal by the losing party to the Federal Circuit.

## Discussion

The decision whether or not to impose a stay pending the resolution of parallel USPTO reexamination proceedings is left almost entirely to the court's discretion. <u>See</u>, <u>P&G v. Kraft Foods Global, Inc.</u>, 549 F.3d 842, 849 (Fed. Cir. 2008).

In its exercise of this discretion, the court considers two sets of competing considerations. On one hand, the court must weigh Congress' supposed intent that courts should freely grant stays of litigation pending USPTO reexamination. Congress clearly

intended that the reexamination process could serve as a relatively streamlined and inexpensive means of resolving challenges to a patent's validity, taking advantage of the USPTO's specialized expertise, and thus eliminating or reducing the complexity of infringement litigation in the courts.  On the other hand, however, the court must beware that a long stay of litigation, especially when requested after the suit's earliest stages, can seriously prejudice a plaintiff and place her at a serious tactical disadvantage.  See  Spread Spectrum Screening LLC v. Eastman Kodak Co., 277 F.R.D. 84, 87-88 (W.D.N.Y. Aug 26, 2011); Softview Computer Prods. Corp. v. Haworth, Inc., 97 Civ. 8815, 2000 WL 1134471, *2 (S.D.N.Y., Aug 10, 2000) (collecting cases).

In addition, the court bears in mind that patent suits frequently do not hinge on the patent's validity or invalidity.  Patent litigation typically implicates many other issues that, if they prove to be dispositive, might render the outcome of the USPTO's reexamination irrelevant.

Courts typically encapsulate this analysis into three factors:

(1) Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
(2) whether a stay will simplify the issues in question and trial of the case; and
(3) whether discovery is complete and whether a trial date has been set.

See Id.  Applying these factors to this case does not yield a decisive result, but the court ultimately concludes that the case should not be stayed.

The major consideration weighing against a stay is the prejudice that such a lengthy delay would cause the plaintiff.  This litigation has now been ongoing for more than two

years and therefore, if a stay were to be granted, the case will likely have been pending for at least eight years, and quite possibly longer, before the matter is finally resolved.

It is true that any delay in litigation typically will prejudice the plaintiff to some degree, and therefore the court must always balance a plaintiff's delay-related prejudice against the need to vindicate each party's right to a thorough and careful adjudication.  But to delay this matter for another six years is a different matter entirely.  As plaintiff rightly points out, the memories of witnesses will fade, greatly hampering any post-stay proceedings.  And, indeed, over such a period of time there may be legitimate concerns that certain key witnesses (including the co-inventor of the '716 patent) will be altogether unavailable six years hence.

By contrast, while it would be an exaggeration to say that this case is very close to trial, substantial progress has been made.  As previously mentioned, the case has been transferred to this court from California, defendant's early motion for summary judgment has been resolved, discovery is well underway, and the parties have now fully submitted their claim construction statements and memoranda.  Plaintiff contends that this case can be ready for trial in six months.  Perhaps that estimation is optimistic, but it is certainly true that the case can be ready for trial in a fraction of the time it would take for the reexamination process to conclude.

And there is a significant chance that any judgment by this court would be conclusive.  Most obviously, if the defendant were to prevail, there would be no need at all for the reexamination process to continue.  And, indeed, MLB presents several defenses that go

beyond the scope of the USPTO's reexamination. It is also possible that the USPTO will affirm the claims at issue in this case, or amend them in ways that will have no or minimal impact on this litigation. This court's own legal evaluation of the patents during claim construction and possible subsequent summary judgment proceedings may also prove instructive to the parties in reaching a settlement, or may accurately anticipate the USPTO's conclusion. There remains, of course, a possibility that subsequent litigation before this court will come to nothing — if summary judgment or a jury verdict were to be entered in plaintiff's favor and the USPTO were to finally reject the relevant claims of the '716 patent six years later, the court's decision would have to be vacated. But, on the whole, this unfortunate outcome appears unlikely. The risk of it's coming to pass, therefore, is outweighed by the very probable harm to be caused by delaying this case for another six-years.

Accordingly, the motion to stay this case pending reexamination of the patent in suit by the USPTO is denied.

So ordered.

Dated:   New York, New York
         May 23, 2013

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 23, 2013